HEARD APRIL TERM, 1873.

## REDDING vs. RAILROAD COMPANY.

Objections to the brief, or record of the Circuit Court, come too late, if made, in the first instance, on the hearing of the cause on the merits.

Defects of that nature can only be taken advantage of by special motion, upon notice to the opposite party.

It is not necessary to move in the Circuit Court for a new trial in order to bring up, by appeal, questions of law raised at the trial.

The provision in the Constitution of the State, that " Judges shall not charge in respect to matters of fact, but may state the testimony and declare the law," was only intended to prevent Judges from forcing upon juries their own conclusions of fact; not to prevent them from summing up and commenting upon the evidence.

It is for the Court to determine whether there is any evidence bearing upon an issue of fact, that being a question of law. If there is any evidence, then it is for the jury to determine its force and effect.

To charge the jury that there is no evidence of the cause of action stated in the complaint, is wholly immaterial, if the cause, as stated, would not support a verdict for the plaintiff.

An allegation that defendant "injuriously and unlawfully made a distinction on account of the color and the supposed race of the plaintiff, so as to damage, and actually damaging her standing, comfort and happiness," states of itself no cause of action.

BEFORE GRAHAM, J., AT CHARLESTON, FEBRUARY TERM, 1872.

This case had been tried before, and a new trial ordered by the Supreme Court, (see 3 S. C., 1.)

The complaint, after stating that the defendant, the South Carolina Railroad Company, is a body corporate, doing business as carriers of passengers and merchandise, alleged as follows :

" For a first cause of action—

" 1. That on the        day of February, 1870, the defendants injuriously and unlawfully made a distinction on account of the color ·and the supposed race of the above named Julia F. Redding," (one of the plaintiffs,) " so as to damage, and actually damaging the standing, comfort and happiness of the above named plaintiff."

A second cause of action was also alleged.

After evidence had been given, and counsel on both sides heard, His Honor charged the jury " that there was no testimony to support the first cause of action." To this ruling the plaintiff excepted.

The evidence bearing upon the second cause of action was submitted to the jury, and they found a verdict for the defendant.

A motion for a new trial was afterwards made and overruled.

The plaintiffs appealed on the grounds that His Honor charged the jury upon matters of fact, and that there was no evidence to sustain the first cause of action.

The appellants, in their brief for the Supreme Court, stated that they excepted to the statement of the case made by the Circuit Judge, setting forth certain grounds relating to matters bearing upon the motion for a new trial in the Circuit Court.

*Pope & Haskell*, for appellants.

*Porter & Conner*, contra.

Feb. 17, 1874.   The opinion of the Court was delivered by

WILLARD, A. J.   Objections are made to the record of the Circuit Court as insufficient. These objections cannot prevail.

In the first place, they were interposed too late, having been made, in the first instance, on the hearing of the cause on the merits. An objection to the brief, or record of the Circuit Court, is a preliminary matter. Defects of that nature can only be taken advantage of by special motion, upon notice to the opposite party of the nature of such objection. In the next place, the defects claimed are not substantiated nor pointed out with sufficient distinctness to enable this Court to judge of their character, whether substantial or frivolous.

The various matters presented by the brief, as the record of proceedings in the Circuit Court upon a motion there for a new trial, are unimportant here. It was not necessary that the application for a new trial, so far as it was based on matters of law alone, should be made, in the first instance, to the Circuit Court. Such matters come properly before us by appeal without previous application to the Circuit Court. The motion before us comes up upon the record of the proceedings upon the trial of the cause, which, in the present instance, presents the single question, whether there was error in the charge and rulings of the Judge materially prejudicial to the appellants.

The charge complained of was: "That there was no testimony to support the first cause of action." This is objected to on two grounds: first, as in effect charging the jury upon matters of fact; and, second, that it was erroneous.

The Constitution (Art. IV, Sec. 26) declares: That " Judges shall not charge juries in respect to matters of fact, but may state the testimony and declare the law." Considering, together, the parts of this Section, it is quite clear that its sole intention was to prevent Judges from forcing upon the juries their own convictions as it regards matters of fact. The juries are the judges of such matters, and cannot properly look to the Court for a controlling view of the proper conclusions of fact, nor can the Court, on the other hand, employ its influence over the minds of jurors to force upon them its conclusions in such cases.

Stating the evidence means more than repeating it. It includes the idea of placing it in its logical relation to the propositions which it is adduced to support or contradict, as well as to the principles and rules of law by which its bearing and force ought to be controlled.

To say that there is no evidence bearing on an issue does not con-

flict with the duty imposed on the Judges by the Section of the Constitution just cited. On the contrary, a ruling of that character is one involving strictly matter of law. It is the province of the Court to determine whether there is any evidence bearing on an issue; the jury can only determine the force of such matters as are submitted to them by the Court as matters of evidence proper to the issue.

It will not be material to look into the evidence to see whether the conclusion of the Court, that there was no evidence bearing on the first cause of action, as stated in the complaint, was correct, for that alleged cause of action, as stated, is incompetent to support a verdict or judgment. If this conclusion is correctly drawn, then the matters of the ruling in question are wholly immaterial, and need not be considered by us.

The language of the first cause of action is as follows:

"1. That on the ——— day of February, 1870, the defendants injuriously and unlawfully made a distinction, on account of the color and the supposed race of the above named Julia A. Redding, so as to damage, and actually damaging, the standing, comfort and happiness of the above named plaintiff."

This is put forth as a distinct and independent cause of action, and contains no averment in any way connecting the facts alleged with the various matters narrated under the second cause of action. It cannot be regarded as forming part of the matters stated under the second cause of action, and intended to point or aggravate the wrong there alleged, for the form of statement, and the absence of any recitals of fact that can serve as a link to connect it with the matters set forth in the second cause of action precludes such a conclusion. It must, therefore, be considered as complete in itself, and it must be judged by its allegations independently of any other part of the complaint. The ground of injury alleged is, that defendants "made a distinction," as it regards color or race. In what this distinction consisted is not stated; nor does the law attach an idea to the making of a distinction as the ground of an injury sounding in damages. The alleged damage to standing, comfort and happiness cannot, therefore, be ascribed to any injury known to the law as such. If the plaintiff were denied or disturbed in the enjoyment of any right on the ground of her color or race, constituting an actionable injury, the nature of the right, and the wrong and injury done to it, should have been stated. In the absence of

such allegations the first cause of action presents nothing of an actionable character.

The appeal must be dismissed.

*Moses*, C. J., and *Wright*, A. J., concurred.